DA 12-0106

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 294N

PETER WILLIAM HARPER,

      Petitioner and Appellant,

v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADV 2011-956
Honorable Dorothy McCarter, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Peter William Harper (self-represented), Missoula, Montana

      For Appellee:

      Steve Bullock, Montana Attorney General; C. Mark Fowler, Assistant
Attorney General, Helena, Montana

      Leo Gallagher, Lewis and Clark County Attorney; Tara A. Harris, Deputy
County Attorney, Helena, Montana

Submitted on Briefs:  November 28, 2012
Decided:  December 18, 2012

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Peter William Harper (Harper) was convicted in 1996 of various drug-related offenses. We affirmed on appeal. *State v. Harper*, 284 Mont. 185, 943 P.2d 1255 (1997). Harper filed in the District Court a "petition for writ of habeas corpus correction of unlawful sentence," in 2011, in which he claimed that his 1996 conviction is illegal, that he does not have access to a law library, and that he is being denied medical care. The District Court considered the petition as one for postconviction relief and allowed the State of Montana to file a response.

¶3 The District Court determined that the one-year statute of limitations under § 46-21-102(1), MCA, barred Harper's complaint as to his 1996 conviction. The court also ruled that Harper's second and third allegations properly should be considered as a petition for habeas corpus. The court directed the State to respond to those allegations. Harper appealed the District Court's order before the State filed a response.

¶4 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, as amended in 2006, which provides for noncitable memorandum opinions. It is clear on the face of the record and the briefs before us that the District Court correctly interpreted Montana law when it determined that § 46-21-102(1), MCA, barred

2

Harper's challenge to his 1996 conviction.

¶5     Affirmed.


                                        /S/ BRIAN MORRIS


We Concur:


/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
##